UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KULVINDER SINGH,

Petitioner,

v. Case No. 26-cv-1538-bhl

SAMUEL OLSON, et al.,

Respondents.

---

**RULE 4 SCREENING ORDER**

---

Kulvinder Singh, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition. As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing §2254 Cases.

**BACKGROUND**

According to the petition, Singh is a citizen of India who entered the United States without inspection in October 2023. (ECF No. 1 ¶17.) He was detained by ICE on June 30, 2026 and is currently in immigration custody at the Dodge County Jail in Juneau, Wisconsin. (*Id.* ¶¶14, 17.) On August 14, 2026, an Immigration Judge denied Singh's asylum application and ordered him removed to India. (*Id.* ¶19.) He timely appealed his asylum case to the Board of Immigration Appeals on September 3, 2026. (*Id.* ¶20.)

Singh received a bond hearing under 8 U.S.C. §1226(a) and was denied bond. (*Id.* ¶21.) At his bond hearing, he argued that he was not a danger to the community or flight risk because he had no criminal record, worked lawfully, had pending relief before the immigration court, and had ties to the community. (*Id.* ¶¶22, 19–20.) He was denied bond. (*Id.* ¶23.) Singh contends that at his first bond hearing, the Immigration Judge improperly placed the burden of proof on him to show that he was not a flight risk and danger to the community. (*Id.* ¶¶2–3.) He reports that he

was scheduled to receive a second bond hearing on September 10, 2026, but has not updated the Court since filing his petition. (*Id.* ¶24.)

Singh seeks a writ of habeas corpus requiring Respondents to release him or provide him with a second bond hearing pursuant to 8 U.S.C. §1226(a) within 3 days. (*Id.* at 6.)

## ANALYSIS

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241 as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The petition asserts one ground for relief. Singh asserts that the Fifth Amendment Due Process Clause requires the government to bear the burden of proof at immigration bond hearings under 8 U.S.C. §1226(a). (ECF No. 1 ¶¶27–28.) He contends that his first bond hearing violated the Due Process Clause, and that he is entitled to another bond hearing before an immigration judge "where the government bears the burden of proof by clear and convincing evidence that he is a flight risk or danger to the community." (*Id.* ¶29.)

Based on the allegations in Singh's petition, the Court cannot conclude that he is plainly not entitled to relief and will therefore order Respondents to respond to the petition within three days of service and allow this proceeding to continue. For good cause, the Court may grant Respondents a short extension if requested and properly supported.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk of the Court shall promptly serve a copy of the petition and this order upon Respondent Dale Schmidt, Sheriff of the Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Samuel Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days from service of this Order.

Dated at Milwaukee, Wisconsin on September 15, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge