UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KULVINDER SINGH,

Petitioner,

v. Case No. 26-cv-1538-bhl

WARDEN, Dodge Detention Facility, et al.,

Respondents.

---

**ORDER**

---

Kulvinder Singh, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The Court screened the petition, ordered Respondents to file a response, and then set a briefing schedule. Having reviewed the parties' submissions, the Court will dismiss Singh's petition without prejudice because he has failed to exhaust his administrative remedies.

**BACKGROUND**

Singh is a citizen of India who entered the United States without inspection in October 2023. (ECF No. 1 ¶17.) He was detained by ICE on June 30, 2026 and is currently in immigration custody at the Dodge County Jail in Juneau, Wisconsin. (*Id.* ¶¶14, 17.) On August 14, 2026, an immigration judge denied Singh's asylum application and ordered him removed to India. (*Id.* ¶19.) He timely appealed his asylum case to the Board of Immigration Appeals on September 3, 2026. (*Id.* ¶20.)

In connection with his immigration proceedings, Singh requested and received a custody redetermination hearing before an immigration judge consistent with 8 U.S.C. §1226(a). (*Id.* ¶21.) At the redetermination hearing, Singh argued that he was not a danger to the community or flight risk because he had no criminal record, worked lawfully, had pending relief before the immigration court, and had ties to the community. (*Id.* ¶¶22, 19–20.) The immigration judge nevertheless denied his bond request in a summary decision. (*Id.* ¶23.)

In his habeas petition, Singh contends that the immigration judge improperly placed the burden on Singh to show that he was not a flight risk or danger to the community. (*Id.* ¶¶2–3.) He therefore seeks a writ of habeas corpus requiring Respondents to release him or provide him with a second bond hearing pursuant to 8 U.S.C. §1226(a). (*Id.* at 6.)[1]

**ANALYSIS**

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241 as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Singh's petition asserts a single ground for relief. He claims the Fifth Amendment Due Process Clause requires the government to bear the burden of proof at immigration bond hearings under 8 U.S.C. §1226(a). (ECF No. 1 ¶¶27–28.) Singh therefore contends that the immigration judge violated his Due Process rights at his first bond hearing by improperly putting the burden on him. (*Id.* ¶29.) For relief, Singh argues that he is entitled to another bond hearing before an immigration judge "where the government bears the burden of proof by clear and convincing evidence that he is a flight risk or danger to the community." (*Id.*)

Respondents contend that Singh's petition should be denied because he has not exhausted his available administrative remedies. (ECF No. 5 at 4–7; ECF No. 8 at 3–5.) More specifically, Respondents argue that Singh must challenge the immigration court's first custody redetermination by appealing to the Board of Immigration Appeals before proceeding with a habeas petition. (ECF No. 5 at 4–5 (citing 8 C.F.R. §§1003.28(a), 1003.19(f)).) Under the applicable administrative procedure, an immigration officer "may release" certain noncitizens under bond or conditional parole, provided that the noncitizen demonstrates to the satisfaction of the officer that his release would not pose a danger to property or persons, and that he is likely to appear for any future proceedings. 8 C.F.R. §§236.1(c)(8), 1236.1(c)(8). This is the initial custody determination. After an initial custody determination, a detained noncitizen may apply for a custody *redetermination* before an immigration judge, and at that hearing the immigration judge may either detain the noncitizen or release him on bond. 8 C.F.R. §§236.1(d)(1), 1236.1(d)(1), 1003.19. The noncitizen

[1]Singh indicates that he was scheduled to receive a second bond hearing on September 10, 2026. (*Id.* ¶24.) Neither party has informed the Court if this hearing occurred.

may appeal the immigration judge's custody redetermination decision to the Board of Immigration Appeals, 8 C.F.R. §§236.1(d)(3)(i), 1236.1(d)(3), 1003.19(f), 1003.38, or request a second bond redetermination before an immigration judge by showing that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. §1003.19(e).

Generally, parties must exhaust prescribed administrative remedies before seeking relief from the federal courts. *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). In some contexts, exhaustion is required by statute, but Congress has not imposed an exhaustion requirement for this type of habeas case. *See Gornicka v. INS*, 681 F.2d 501, 505 (7th Cir. 1982). Accordingly, whether exhaustion should be required in this case is a matter of "sound judicial discretion." *McCarthy*, 503 U.S. at 144. In exercising that discretion, the Court must balance the individual and institutional interests involved, considering the nature of the claim presented and the characteristics of the particular administrative procedure provided. *Id.* at 146; *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The Seventh Circuit has held that individual interests require that exhaustion be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (citing *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)).

In *Mojsilovic v. I.N.S.*, 156 F.3d 743 (7th Cir. 1998), the Seventh Circuit explained that "due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues," but "the requirement applies when the 'petitioner's claim involves procedural errors correctable by the administrative tribunal.'" 156 F.3d at 748 (citing *Castaneda-Suarez v. INS*, 993 F.2d 142, 144 (7th Cir. 1993)). A petitioner may not bypass the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *Mojsilovic*, 156 F.3d at 748; *see Z.G. v. Olson*, 834 F. Supp. 3d 794, 801–02 (N.D. Ind. 2026) (requiring exhaustion of administrative remedies in context of immigration bond redetermination hearings, although petitioner raised a due process claim, because his "entitlement to more procedure or outright release" would depend on "how his status and individual interests change. . . based on administrative proceedings").

District Courts within the Seventh Circuit have reached different conclusions on whether exhaustion of administrative remedies is required in similar circumstances, including in cases in which no bond hearing has occurred, *see Gutierrez Hernandez v. Schmidt*, No. 26-cv-1274, 2026 WL 247418 (E.D. Wis. Aug. 19, 2026) (excusing exhaustion of administrative remedies), and cases, like this one, in which an immigration judge has denied bond at a first hearing, *Vargas Sanchez v. Olson*, 26-cv-0053-TWP-KMB, 2026 WL 801515 (S.D. Ind. Mar. 23, 2026) (requiring exhaustion); *Z.G.*, 834 F. Supp. 3d at 805 (requiring exhaustion); *Brena v. Olson*, 26-cv-0931-JMS-MJD, 2026 WL 1625379 (S.D. Ind. June 5, 2026) (excusing exhaustion). Given the nature of Singh's claim, and the characteristics of this particular administrative procedure, the Court will require Singh to exhaust his administrative remedies.

Singh asserts that the interests described in *Gonzalez* favor excusing exhaustion. As to the first interest, he argues that bond appeals have "lengthy and unpredictable processing times" causing prejudice to him, and that his case raises only legal issues, requiring no development of the factual record. (ECF No. 7 at 3.) He asserts that the average processing time for bond appeals exceeded 200 days in 2024, and a continued deprivation of liberty would constitute irreparable harm under these circumstances.[2] (*Id.* at 4.) While his continued detention is a relevant interest, it does not outweigh the other circumstances, which strongly favor exhaustion.

Moreover, Singh has not come forward with a factual showing on the merits of his claim that would weigh against requiring exhaustion. The immigration judge's written decision says nothing more than that Singh was denied bond "because [he] is a flight risk." (ECF No. 7-1 at 3.) Neither party has filed a transcript to shed any light on the proceedings or to provide further insight into the ruling. To assess the constitutional issue, the Court would need to know that the immigration judge actually put the burden on Singh, and if Singh presented evidence that might have led to a different result if the burden had been allocated differently. Moreover, Singh mentions being scheduled to receive a second custody redetermination hearing, but there has been no update on whether that hearing occurred. (ECF No. 1 ¶24.) Whether that hearing occurred, what evidence was presented there, and who bore the burden are all facts relevant to his claim.

---

[2]It is not clear from the record if Singh asserted a timely appeal of his first custody redetermination, and if that resulted in the scheduled September 10, 2026 second custody redetermination hearing (again, the Court does not know if that hearing eventually took place).

Developing that factual record is important, and the parties, including the administrative agency, should be given the chance to develop that record before the Court weighs in.

On futility, Singh offers several arguments, but none suggest that administrative exhaustion is futile in this case. Singh argues that "administrative review is not likely to change Respondents' position that Section 1225(b)(2)(A) applies in this case, adding to the futility argument." (ECF No. 7 at 3.) But, contrary to Singh's suggestion, he has already received a bond determination hearing pursuant to Section 1226(a). And, as Respondents note, following the *Cirrus-Rojas* decision, his detention is pursuant to Section 1226(a), not 1225(b)(2)(A). (ECF No. 8 at 2–3.) He further argues that review is futile because the BIA has already determined it is reasonable for the detainee seeking bond to bear the burden of proof at a custody redetermination hearing. (ECF No. 7 at 3–4.) As discussed below, however, placing the burden on the detainee seeking bond is consistent with recent Seventh Circuit precedent that addresses this issue. More to the point, the BIA could simply disagree with the immigration judge and find that he was entitled to bond, whether it placed the burden with him or the government. The result is not foregone. He also argues review is futile because "a removal determination would likely come before the BIA's determination of whether a bond is appropriate in this case." (ECF No. 7 at 4.) While his asylum appeal could be resolved before a potential BIA appeal of his custody redetermination, that does not mean that either proceeding is futile. Either appeal could lead to the eventual relief Singh seeks, another custody redetermination hearing or release.

Singh's arguments on interests two and four (whether the agency lacks the ability or competence to resolve the issue or grant his relief, and whether substantial constitutional questions are raised) are linked. Singh contends that his petition raises a due process challenge, and under *Mojsilovic,* a due process challenge generally does not require exhaustion since the BIA lacks authority to review constitutional challenges. (ECF No. 7 at 2–3 (citing *Mojsilovic.*, 156 F.3d at 748).) But as stated above, petitioners may not bypass the administrative procedure by recasting a claim as constitutional and futile when it is actually correctable by the administrative tribunal. *Gonzalez*, 355 F.3d at 1018; *Mojsilovic*, 156 F.3d at 748. That is what Singh has done here. In this case, while he has provided the immigration judge's opinion, that opinion simply states the result and minimal reasoning, that he was detained because he posed a flight risk, and does not explain how the immigration judge allocated the burden of proof, or what he or she considered in reaching that decision. Moreover, the Seventh Circuit recently reiterated, in *Cirrus Rojas v. Olson*,

183 F.4th 909, 917 (7th Cir. 2026), that immigration judges conducting bond hearings must presume detention is necessary, that the burden to show otherwise rests with the noncitizen, and "the government need not present any evidence justifying detention." Singh's briefing, while citing some nonbinding authority holding the burden should be shifted to the government, does not address this recent Seventh Circuit case.

As discussed above, the decision as to whether to require administrative exhaustion is left to judicial discretion. Because excusing administrative exhaustion here would effectively create a separate channel to challenge bond determinations and would be wasteful and inconsistent with the overall administrative process in the immigration context, the Court will decline to do so here. The appropriate course is to require Singh to exhaust his appeal to the BIA. If he does not obtain relief there, he may file a new petition.

Accordingly,

**IT IS HEREBY ORDERED** that Singh's Petition, ECF No. 1, is **DISMISSED** without prejudice for lack of exhaustion. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge